# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11731

_____

MICHAEL A. MCGUIRE,
J E B,
K L L,

                                                          Plaintiffs-Appellees,

*versus*

ATTORNEY GENERAL, STATE OF ALABAMA,
SECRETARY OF THE ALABAMA LAW ENFORCEMENT
AGENCY,

                                                     Defendants-Appellants,

JEREMY JONES,
Montgomery, Alabama Police Department Detective,
in his Individual Capacity,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:19-cv-00174-WKW-JTA

_____

Before WILSON, GRANT, and ABUDU, Circuit Judges.

BY THE COURT:

    The Defendants-Appellants' "Time-Sensitive Motion to Stay Permanent Injunction and Declaratory Relief" is DENIED as to the district court's order enjoining the enforcement of Ala. Code § 15-20A-11(d)(4) as applied to the plaintiffs, and GRANTED as to the remainder of the district court's order.

GRANT, Circuit Judge, dissenting:

The district court here facially invalidated all of Alabama's residency restrictions for registered sex offenders because it concluded that the law's enforcement "punishes a substantial amount of protected First Amendment expressive activity" and is not "narrowly tailored to serve a significant governmental interest." While I am thankful that the majority has granted a partial stay of that order, I would grant it in full. Each of the four factors that we consider in determining whether to grant a stay pending appeal points in that direction here: (1) the State has made a strong showing that it is likely to succeed on the merits; (2) the State will be irreparably injured without a stay; (3) issuance of the stay would not substantially injure the other parties; and (4) the public interest clearly favors this result. *Nken v. Holder*, 556 U.S. 418, 434 (2009).

*First*, I find it extremely likely that the State will succeed on the merits. The plaintiffs argue that the statute's restrictions on residing with a minor or within 2,000 feet of certain facilities—like schools or childcare centers—will keep them from attending church or carrying out other expressive activities. But that argument seems to extend the statute's restrictions beyond what the text requires. *See* Ala. Code § 15-20A-11(a), (d). And at a minimum, the State's Supreme Court should be given an opportunity to interpret its own law before a federal court declares it facially invalid based on a sweeping interpretation that the State's top law enforcement official rejects.

*Second*, the State will be irreparably injured without a complete stay. Failure to allow residency restrictions to be enforced against these offenders will deprive Alabama of the ability to carry out its laws. *See Hand v. Scott*, 888 F.3d 1206, 1214 (11th Cir. 2018). That deprivation is especially meaningful here, where the residency restrictions were enacted to protect vulnerable citizens from predatory acts.

*Third*, the issuance of the stay would not substantially injure these plaintiffs. Indeed, it likely will not injure them at all, because they have not shown that the State will enforce the Act's residency restrictions in the ways that they claim.

*Fourth*, the public interest plainly favors the State. The residency restrictions were put in place to protect the public—and especially children—by limiting potentially recidivating sex offenders' access to potential victims. Indeed, the district court itself agreed that its order would "necessarily have some harmful effects." That order should be stayed, even with respect to the three plaintiffs in this case.

I respectfully dissent.